IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARCUS HARROLD<br>110 North Third Street<br>Columbus, Ohio 43215 | :<br><br>: | |
| Plaintiff | : | CASE NO. 2:09-cv-1100 |
| v. | : | JUDGE |
| BMW FINANCIAL SERVICES NA, LLC<br>c/o CT Corporation System<br>1300 East Ninth Street<br>Cleveland, Ohio 44114 | :<br><br>:<br><br>: | MAGISTRATE JUDGE |
| Defendant. | | |

**COMPLAINT**
**(with Jury Demand)**

NOW COMES Plaintiff Marcus Harrold and proffers this Complaint for damages and equitable relief against Defendant BMW Financial Services NA, LLC.

**THE PARTIES**

1. Plaintiff is a natural person residing in Franklin County, Ohio.

2. Defendant is a Delaware limited liability company with offices in Franklin County, Ohio.

**JURISDICTION AND VENUE**

3. Counts I and II are brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331.

4. The Court has supplemental jurisdiction over Count III pursuant to 28 U.S.C. ¶1367.

5. Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that the Defendant has offices in Franklin County, Ohio, at which all of the events in question took place.

## FACTUAL BACKGROUND

6. Plaintiff had been employed by Defendant since June of 2007 until his discharge on March 31, 2009.

7. When Plaintiff was hired by Defendant, Defendant specifically recruited him away from his previous employer to be a Senior Business Analyst.

8. At the time of his discharge, Plaintiff was an Inbound Call Center Vendor Manager. This was a position he had been promoted to after six (6) months with Defendant, due to Plaintiff's excellent performance.

9. In September of 2008, Plaintiff informed his immediate supervisor that he had been diagnosed as HIV positive. At that time, Plaintiff described in detail the extent of his infection, and the costs associated with the necessary treatment.

10. In October of 2008, Plaintiff informed Associate Relations of his HIV positive status, providing them with the same information he gave to his immediate supervisor.

11. At the same time as he informed Defendant's Associate Relations of his HIV positive diagnosis, Plaintiff also requested forms for Family Medical Leave Act ("FMLA") intermittent leave.

12. Pursuant to Plaintiff's June 2008 request, Defendant designated Plaintiff as eligible and qualified for intermittent FMLA leave.

13. Immediately after he had informed his immediate supervisor of his HIV positive status and the costs of his treatment, and had been designated for intermittent FMLA leave, Plaintiff's immediate supervisor:

      a. sat down with Plaintiff and told him that she had forced a former employee with breast cancer to leave the company due to that employee's "overuse" of intermittent FMLA leave time; and,

      b. told another senior management employee that Plaintiff was "deceitful," and that the senior management employee "better be careful," without having any grounds for such a statement.

14. Upon receiving continuing ill treatment from his immediate supervisor, Plaintiff complained repeatedly to Human Resources and attempted to be moved out from under her supervision. These requests were to no avail.

15. Beginning in late-2008, Plaintiff's immediate supervisor began reassigning some of Plaintiff's duties to other employees, even though Plaintiff was having no problems completing, or performing, his work.

16. As his duties waned, Plaintiff began requesting work for which he was well-qualified from outside supervisors, who always seemed initially receptive and stated they would contact Plaintiff's immediate supervisor for final approval. Plaintiff never received any of the work.

17. In March of 2009, Plaintiff received a performance evaluation that was significantly worse than his prior review, even though his objective performance parameters showed improvement. Plaintiff was evaluated more harshly than peers under the same supervisor whose objective statistics were worse than his.

18. On March 31, 2009, Plaintiff was informed, without any warning, that his job had been eliminated and that there were no other employment options for him within the company.

19. On March 31, 2009, Plaintiff's eight (8) other subordinates and peer supervisors under the supervision of Plaintiff's immediate supervisor were all offered other positions within the company, but Plaintiff was not given that option.

### COUNT I
### VIOLATION OF FAMILY AND MEDICAL LEAVE ACT ("FMLA")
### 29 U.S.C. §2601 et seq.

20. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-19 above as if fully rewritten here.

21. Plaintiff was an "eligible employee" as defined by 29 U.S.C. §2611(2).

22. Defendant was an "employer" as defined by 29 U.S.C. §2611(4)(A).

23. Defendant violated the FMLA by discharging Plaintiff in retaliation for his exercise of FMLA rights.

24. Defendant violated the FMLA by discharging Plaintiff in retaliation for his complaints regarding his immediate supervisor's discriminatory acts in retaliation for his exercise of FMLA rights.

25. Defendants' violations of the Family and Medical Leave Act entitle Plaintiff, pursuant to 29 U.S.C. §2617(a), to monetary damages which includes back pay and benefits, liquidated damages and attorneys fees and costs of bringing this litigation, in a amount to be determined at trial, but in any event not less than $250,000.00.

### COUNT II
### WRONGFUL DISCHARGE IN VIOLATION OF ERISA
### 29 U.S.C. §1140

26. Plaintiffs reassert and reincorporate each and every allegation contained in ¶¶1-25 above as if fully rewritten here.

27. Defendants discriminated against Plaintiff in the manner described above due to his and extensive and expensive use of Defendant's medical benefits plan, and the expected continuation of such usage.

28. Defendants' discriminatory discharge of Plaintiff was in bad faith and in reckless disregard for Plaintiff's legal rights.

29. Defendants' violation of 29 U.S.C. §1140 entitles Plaintiff to damages in an amount to be determined by the Court including back pay and benefits, attorneys fees and costs, but in any event not less than $250,000.00, and the equitable remedy of reinstatement and/or front pay.

### COUNT III
### DISABILITY DISCRIMINATION
### OHIO REVISED CODE §4112.01 et seq.

30. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-29 above as if fully rewritten here.

31. Plaintiff is an "employee" as defined by O.R.C. §4112.01(A)(2).

32. Defendant is an "employer" as defined by O.R.C. §4112.01(A)(3).

33. Plaintiff had a "disability" as defined by O.R.C. §4112.02(A)(13), that being Defendant's perception that Plaintiff's HIV positive status would affect Plaintiff's ability to work.

34. Defendants discriminated against Plaintiff by detrimentally changing Plaintiff's duties, and by discharging him because of his medical condition and/or in retaliation against Plaintiff for complaining about his immediate supervisor's ill treatment that was motivated by her knowledge of his medical condition.

35. Defendants' violation of O.R.C. §4112.01 et seq., pursuant to O.R.C. §4112.99, entitles Plaintiff to damages including differences in back pay and benefits, compensatory damages, punitive damages, attorneys fees and costs, in an amount to be determined at trial, but in any

event not less than $500,000.00, as well as the equitable remedy of reinstatement and/or front pay.

**WHEREFORE**, Plaintiff demands,

for Count I, monetary damages including back pay and benefits, liquidated damages and attorneys fees and costs of bringing this litigation, in a amount to be determined at trial, but in any event not less than $250,000.00;

for Count II, monetary damages including back pay and benefits, attorneys fees and costs, but in any event not less than $250,000.00, and the equitable remedy of reinstatement and/or front pay; and,

for Count III, compensatory damages, punitive damages, and attorneys fees and costs in an amount to be determined at trial, but in any event not less than $500,000.00, as well as the equitable remedy of reinstatement and/or front pay.

## JURY DEMAND

Plaintiff demands that a jury decide all of the above claims.

Respectfully Submitted,

s/ Gary A. Reeve
Gary A. Reeve (0064872)
Trial Attorney for Plaintiff
Law Offices of Gary A. Reeve, LLC
513 East Rich Street, Ste. 308
Columbus, Ohio 43215
(614) 808-1881